2011A

# IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LILIAN ALLEN )  WITH JURY DEMAND
)
Plaintiff

10CV8270
JUDGE KENDALL
MAG. JUDGE NOLAN

CHASE HOME FINANCE LLC,
JPMC SPECIALTY MORTGAGE LLC,
JPMORGAN CHASE BANK, N.A., )
LAKSHMINARAYANAN RAMESH, )
O'HARA LAURA, PATRICK SHEEHY, )
SAFEGUARD PROPERTIES, LLC., KLEIN )
ROBERT, CODILIS & ASSOCIATES, P.C., )
P&P SPECIALIST )
Defendants. )

**FILED**

DEC 3 0 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S COMPLAINT WITH EXHIBITS

Now Comes the Plaintiff **Lilian Allen** in the above entitled action (herein after known as plaintiff), complains of defendants, Chase Home Finance, LLC,(hereinafter "CHF"), JPMC Specialty Mortgage LLC,(hereinafter "JPMC"), JP Morgan Chase Bank, NA,(hereinafter "Chase Bank NA"), Lakshminarayanan Ramesh, ( hereinafter as Chase Manager), O'hara Laura, (hereinafter as Chase Manager, Patrick Sheehy, (hereinafter as Chase Manager), (all Chase defendants identified hereinafter as "CHF "defendants), Safeguard Properties, Inc.(hereinafter "Safeguard"), Robert Klein, (hereinafter as Safeguard Manager), Codilis & Associates(hereinafter "Codilis") and P&P Specialist (hereinafter "P&P") , pleading hypothetically and in the alternative states as follows:.

## INTRODUCTION AND STATEMENT OF THE CASE

1.  This action is before this Court to remedy the defendants' unlawful treatment of

    plaintiff (illegal break-ins). Plaintiff seeks injunctive, declaratory, monetary and

    other appropriate legal and equitable relief. Plaintiff Lilian Allen, pro se, brings

    her complaint to redress wrongs against her by the above named defendants,

    involving violations of : The fair debt collections Practices Act, illegal break-ins,

    The truth in lending Act as amended by the home ownership and Equity

    Protection Act of 1994,(a) 15 U.S.C. Section 1602 and 1639, implementing

    Federal Reserve Board Regulation @ 12 C.F.R part 226, and its progenies as set

    forth below;

    More importantly, because plaintiff is currently a pro se, plaintiff will seek to

amend this complaint for a second time after discovery of applicable documented facts as

they pertain to the nature of each defendants conduct giving rise to these causes of action,

and may add additional plaintiff to this law suit.

    More also, this complaint is for compensating and punitive damages and an

injunction to restrict certain activities of the defendants and prevent further wrongs and

irreparable damages that are stated herein.


## II

## JURISDICTION AND VENUE

2.  Plaintiff Lilian Allen is an Illinois resident who resides in the city of Chicago. At

    all times pertinent to this complaint Plaintiff resided in the Northern District of

    Illinois.

This is an action for damages, declaratory and injunctive relief pursuant to the Civil Rights Act of 1964, 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988, 18 U.S.C. Sections 241 and 242. Jurisdiction is specifically conferred on the court pursuant to 28 U.S.C. Section 1331, as well as supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) and Articles 1,2,5,12,13,19 and 24 of the Illinois constitution. The property which is the subject of this lawsuit is a residential and rented property located at 1407 E. 71st place

unit 2 Chicago 60619 .Plaintiff lost properties consortium, and was maliciously distressed and unduly influenced by the conducts of all the defendants- CHF, Lakshminarayanan Ramesh, O"hara Laura, Patrick Sheehy, Safeguard, Robert Klein, Codilis and P&P Specialist in violation of laws stated herein. Plaintiff is a "consumer" as defined by 15 U.S.C. (section) 1692 a (3). Plaintiff incurred a "debt" as defined by 15 U.S.C. (section) 1692 a (5). Plaintiff filed his claim within the time frame permitted under the FDCPA. . On information and belief, the amount in controversy is in excess of $500.000.00

II
## PARTIES

3. Plaintiff is a Black female from African origin who resides in the City of Chicago; State of Illinois. The property the subject of this law suit is a residential and rented condominium located at 1407 E 71st Place Unit 2 Chicago IL. 60619. Plaintiff has personal knowledge of various other individuals in his community who have been similarly damaged by the defendants'

4. Chase Home finance LLC is a bank that regularly conducts business in Chicago, state of Illinois; .Defendant is a "debt collector" as defined by FDCPA, 15 U.S.C. (section)

1692 a (6). At the time of the communications referenced herein, defendant neither

owned the debt nor was retained by the owner to collect the debt. Plaintiff charges Chase

Home Finance LLC with engaging in predatory lending and other illegal practices

5 (a) JPMC Specialty Mortgage LLC. Is a mortgage company with its office in the city of

Chicago; state of Illinois and is a partnership that service loans and regularly conduct

business in Chicago. Plaintiff charges JPMC Specialty Mortgage LLC. With engaging in

Predatory lending and other illegal practices (break-ins).

5 (b)  Lakshminarayanan Ramesh, is a Bank Director for Chase Home Finance LLC, with

his office in  Iselin NJ. Lakshminarayanan Ramesh heads Chase Home Finance LLC

department of loans and Services, which service loans and regularly conduct business in

Chicago. Lakshminarayanan Ramesh was notified of the illegal activity of his bank but

took no corrective measures.

5 (c) O'Hara Laura, is a Bank Director for Chase Home Finance LLC, with his office in

Iselin NJ. O'Hara heads Chase Home Finance LLC department of loans and Services,

which service loans and regularly conduct business in Chicago. O'Hara was notified of

the illegal activity of his bank but took no corrective measures.

5 (d) Patrick Sheehy, is a Bank Director for Chase Home Finance LLC, with his office in

Alexandria VA. Patrick Sheehy heads Chase Home Finance LLC department of loans

and Services, which service loans and regularly conduct business in Chicago. Patrick

Sheehy was notified of the illegal activity of his bank but took no corrective measures.

6.  (a) Safeguard properties, Inc is a corporation that regularly conducts business in

Chicago, Illinois. Safeguard properties, Inc. contract with various vendors to

execute its job task and was contracted to JPMC or one of the chase defendants to

carry out the illegal action which is the cause of this law suite. Plaintiff charges

Safeguard properties, Inc. with engaging in predatory and other illegal practices such as illegal break-ins.

6 (b) Robert Klein, is a Director for Safeguard Properties LLC, with his office in Valley View, Ohio. Robert Klein heads Safeguard Department for preservation, which service properties for Chase Bank and regularly conduct business in Chicago. Robert Klein was notified of the illegal activity of his company but took no corrective measures.


7. Codilis & Associate is a law firm that regularly practices law in the state of Illinois. Codilis & Associate filed and represented one of the CHF defendants in a pending foreclosure law suit against plaintiff and others without out having the standing to bring fort the law suit.. Plaintiff Charges Codilis & Associate with engaging in predatory and other illegal practices.

8. P&P Specialist is an incorporation that conducts business in the city of Chicago and the state Of Illinois. Defendant P&P was hired by Safeguard to complete the illegal act of illegal break-ins, vandalizing, damaging plaintiff property and evicting plaintiff tenant without any court order. Plaintiff Charges P&P with engaging or assisting in predatory and other illegal practices.


### III

### HISTORY OF THE CASE AND FACTS COMMON TO ALL COUNTS

9. On August 26th, 2005, Plaintiff signed a mortgage agreement with Argent Mortgage Company LLC to buy the property commonly known as 1407 E 71st Place Unit 2 Chicago IL.60619. The said property is a residential and rental unit (condominium).

Upon the execution of the said contract, plaintiff became the rightful owner of the property known as 1407 e 71st Place unit 2 Chicago Il. 60619.

10. Plaintiff has right to possession of the property commonly known as 1407 E 71st place Unit 2 Chicago IL. 60619 at all relevant times and right to quiet enjoyment of possession of said property by law of the State of Illinois.

11. However, Plaintiff have not violated the terms of his contract with the lender at the time of this occurrence when all the defendants invaded plaintiff's property, illegally break-ins and that the property was not foreclosed and that defendants have no Court order of possession .

12. Defendants CHF never for once sent out any letter of notice to either the plaintiff or Tenant of their intent to foreclose on the property, to board it up, to change the locks and to evict plaintiff Tenant. Again the said property was never and has not been foreclosed.

## IV

## FACTUAL ALLEGATIONS

13.     On or before Feb.22nd 2010, Defendants CHF., set in operation the following illegal activities;

14.     According to defendant Safeguard. Statement to plaintiff on Feb.23rd 2010 over the phone when asked who authorized them to break-in, evict plaintiff or any legal resident of the unit, destroy plaintiff property, Safeguard responded that Defendants CHF sent a work order to defendant Safeguard for a contract for an inspection, change locks, winterize, removal of all persons and properties on plaintiff property at which time plaintiff was still in full possession of her property. Defendants' answer was" we have got a work order authorization"

15.   Defendant Safeguard sent out an inspection sheet back to defendants CHF for only external inspection since they could not get access into the unit because plaintiff is still in possession and that it is being occupied, Defendants CHF entered into a contractual contract with Defendant Safeguard and is issued a work authorization **to illegally break-in, change the locks, board the house, winterize it and evict any person found therein,** knowing fully that Plaintiff still have full possession and that a tenant  and his family still occupy   the property .

16.   The work order authorizes Defendant Safeguard to illegally break-in, enter plaintiff's property and evict plaintiff by boarding up the property, changing the locks, damaging all plaintiffs' personal property, removing all plaintiff's personal effects without lawful authority to do so.

17.   On Feb 22nd 2010 at around 6:50 A.M., while Plaintiff's Tenant was gone to work, Plaintiff neighbor saw a white van with 4 white men with Polish ascent came out of it and another car with a white lady and a sheriff like dressed male, all exited their vehicle and walked the rail upstairs to unit 2 and started forcing the door open, break in and removing plaintiff's tenant's property and destroyed plaintiff property.

18.   On Feb. 22nd 2010, Defendant CHF and their contracted agent Safeguard through their sub-contractor P&P , forcibly entered plaintiff's property at 1407 E 71st Place Unit 2 Chicago IL 60619,without plaintiff's consent and changed the locks, winterized the whole unit, spill water on the floor causing hardwood floor damage, damage to the boiler and dishwasher, damage to the washer and dryer when the forced it out of its station, damage to the electrical, the spill on the floor damaged the hard wood floors and destroyed the ceiling/ walls of unit 1 below, and removed all plaintiff tenant's properties and personal effects.

19.  Plaintiff's tenant on return to his unit on the evening of Feb. 22nd 2010 discovered a break –in and that his door locks had been changed.  **More importantly, as of Feb.22nd 2010, all the defendants, CHF,P&P, Codilis and Safeguard Properties Inc. does not have a right to**

**Possession regarding plaintiff property and did not ever obtained any right to possession before or even after the incident**, even till today Defendants CHF does not possess the right to plaintiff's property.

20. According to law,

> "any person who aids, abets, assists, or directs the commission of a trespass by another is liable for trespass."

Dietz v. Ill.. Bell Tel.Co.,154 Ill. App.3d 554, 107 Ill. Dec. 360, 507 N.E.2d 24,26 (Ill. App. Ct.1987)

Under Illinois law, "trespass is an intentional invasion, of the exclusive possession and physical condition of land." Freese v. Buoy, 217 Ill. APP. 3d 234, 160 Ill. Dec 222, 576 N.E. 2d 1176,1182 (Ill. App ct.1991)

21. However, on Feb.22nd 2010, Defendants CHF and their co-conspirators known and unknown to plaintiff jointly as "Mortgagees" through their contractual agent safeguard Properties Inc. and P&P Specialist break into plaintiff's rental property at 1407 e 71st place Unit 2 Chicago IL. 60619 without plaintiff's consent. They change the locks, damage plaintiff's property and removed plaintiff's tenant personal properties without lawful authority to do so.

22. Plaintiff Tenant quickly notified plaintiff of what is happening to his unit, shortly Plaintiff arrived at the unit and saw things her self, that CHF and all the defendants illegally break into her property, destroyed the locks and changed the locks to prevent plaintiff from gaining access into her property.

23. On the door was a note, whom to call. Immediately on Feb.22nd 2010 at about 9pm, plaintiff alled CHF but no one was in the office. Before then Plaintiff Tenant has already called the police and made a report.

24. On Feb.23rd 2010, plaintiff called CHF and their customer service agent advised plaintiff to call the home prevention department. But before plaintiff could have made the call, Plaintiff tenant called and informed plaintiff that He got in touch with CHF and safeguard and the promised to issue him the key lock combination that he will keep me informed.

25. Plaintiff property was never foreclosed, nor has the defendants CHF have any court order to legally conduct such operation but with their evil intent , evict plaintiff illegally with the help of officer of the state, cook county sheriff officer accompanied them. Plaintiff property was never abandoned nor in distress at any time, was no court eviction paper ever filed in the court

26. Such intentional misconduct on the part of Chase Home Finance LLC., JPMC Specialty Mortgage LLC. And JPMorgan Chase Bank N.A and Safeguard Properties Inc., P&P Specialist to create a false and deceptive impression that their entry to and eviction of Plaintiff's Tenant and property at 1407 E 71st Place Unit 2 Chicago IL. 60619 was lawful by defendants was known to be wrong and designed to create contempt in the mind of plaintiff during the course of any future foreclosure proceedings.

27. Defendants CHF and Safeguard and their co-conspirators known and unknown to Plaintiff jointly were not lawfully in possession of plaintiff's property for managemental purposes and acted without authority or reason to destroy plaintiff property and evict plaintiff's Tenant against **the fabric of Illinois Tentative residential Laws and Racketeering Statues.**

28. Defendants' (CHF and Safeguard Properties Inc.) after break-in, changing the locks on plaintiff's property   left a notice on the door to call incase of emergency whom to contact after locking plaintiff's tenant out and removing all his personal properties.

29. Plaintiff being a poor black immigrant woman from Africa was racially discriminated because of plaintiff's vulnerability. The Defendants', CHF and Safeguard Properties Inc., took advantage of her color and race to intimidate and forcefully entered plaintiff's rental property and illegally evict plaintiff tenant and destroyed plaintiff property. If plaintiff was a white American, such humiliation and abuse of the law could not have happened.

30. All Defendants' actions were all motivated by greed and sense of racism.

31. Plaintiff had a right to possession of the property known as 1407 E 71st place Unit 2 Chicago IL 60619 at all time.

32. . Yet on Feb 22nd 2010, CHF or in the alternative its agents (or others otherwise acting on its behalf), forcefully entered Plaintiff's rental property and changed the locks.

33. CHF communicated with one or more of the defendants and requested that plaintiff's personal property (or content within said premises) be removed from the premises and locks changed.

34. Defendants' conspired with each other to oppress, threaten, intimidate and deprive plaintiff of property without due process of the law.

35. By so doing, Defendants' has deprived plaintiff of the equal protection of the law.

36. More importantly, Plaintiff urges the federal Court to review the state Court proceedings relating to the purported foreclosure preceding which according to record has never been served on plaintiff or Tenant before or after defendants illegally took possession of plaintiff property and illegally evicting plaintiff's tenant from his home and destroying and removing his personal belongings.

37. On Feb. 22nd 2010 at about 6.30 pm, Plaintiff's Tenant on return to his home with his whole family after seeing what has happened nearly fainted, seeing the notice on the door called Plaintiff and later chase Home finance LLC but no response from CHF, but ended up dropping message on the voice messaging system. Immediately Plaintiff's tenant called 911, on arrival the Police officer told plaintiff's tenant that the only option he has is to call the mortgage company and the landlord the next day since no body is available to answer the call that late.

38. Plaintiff on reaching the scene was confused and nearly fainted, and is being faced with the burden of finding accommodation for her tenant. Plaintiff Tenant has to seek refuge in an emergency rental property for some days; at that point, Plaintiff was confused and does not know what to do for her tenant. consequently, her tenant fail sick and couldn't report to work the next day and as a result of his homelessness, and not showing up at work ,was terminated and that was a direct result and consequence of defendant's action against plaintiff .

39. On Feb. 23rd 2010, just around 10 am, Plaintiff tenant got in touch with Defendants CHF representative Mr. Erick Storts at 614-776-8685, whom after hearing from Plaintiff's tenant about his situation. Knowing fully that they have committed a serious error, having understood that Plaintiff's tenant is the legal resident of the unit, knowing fully that plaintiff's tenant has been displaced advised plaintiff's tenant to expect his call back within an hour.

40. At around 10:45 am on Feb. 23rd 2010, Defendants CHF representative Mr. Eric Storts called back and offered Plaintiff's tenant the lock combination to use to unlock plaintiff's resident locked by defendants'

41. Just before receiving the combination number, Mr. Eric Storts CHF representative has instructed Plaintiff's tenant to call Safeguard and Plaintiff's tenant did call Safeguard but again Safeguard Customer service agent told plaintiff's tenant that it is only Defendants CHF who can unlock the door. That, they have got a work authorization to do that. Safeguard property representative was very rude, abusive and obnoxious on the phone.

42. At about 10:50 am on Feb.23rd 2010, on opening the lock with the combination number, what plaintiff's tenant saw was a total disbelief, everything destroyed and most of his personal belongings missing and no where to be found. Plaintiff's tenant went through the rooms and found out that Defendants' damaged plaintiff property badly and took almost all his valuable property and personal belongings away including but not limited to his 2 unpublished books titled; The **reincarnation "Ogbanje"** or **"Abiku"** and The viability of socialism in a pro-capitalistic state, total worth of approximately $300.000.00. 40. On arrival, Plaintiff was totally confused seeing what has happened, plaintiff called defendant CHF and Safeguard, and the promised to return all plaintiff's tenant personal property as soon as possible and that they will be sending plaintiff an affidavit to sign for the damages done to her unit for onward compensation.

43. Also, Defendant CHF representative advised plaintiff not to worry that they will be dealing with plaintiff defendant directly to resolve the issue of all his missing items.\

44. Immediately, Plaintiff tenant called CHF representative Mr. Eric Storts who ordered Plaintiff to call the police and to call Safeguard for total return of all Items back to him

45. At about Noon on Feb.23rd 2010, Plaintiff called the Police once and plaintiff tenant called 3 times since it was not an emergency, they didn't show up immediately but later and requested a finger print detective section to visit the next day for continuation of the investigation.

46. At about 12.45 on Feb.23rd 2010, Plaintiff tenant called Safeguard Properties Inc, who in turn advised plaintiff tenant that they will make sure he gets his properties back witting few days and that their legal department will be contacting Plaintiff for onward compensation on the damage to his property and that they will be contacting him for return of all his personal belongings, but no one ever called.

47. Safeguard communicated with one or more of the defendants and requested that Plaintiff's property (or contents within the said premises) be removed and locks changed.

48. Codilis engaged in actions against plaintiff and his property that violated Illinois law.

49. Codilis engaged in actions against plaintiff and his property that violated federal law.

50. P&P engaged in actions against plaintiff and his property that violated  Illinois Law

51. P&P engaged in actions against plaintiff and his property that violated  Federal law

52. Lakshminarayanan Ramesh engaged in actions against plaintiff and his property that violated federal law.

53. O'Hara Laura engaged in actions against plaintiff and his property that violated federal law.

54. Patrick Sheehy engaged in actions against plaintiff and his property that violated federal law.

55. Robert Klein engaged in actions against plaintiff and his property that violated federal law.

56. Defendants CHF engaged in an action against plaintiff and his property that violated Illinois law and Federal Laws and also violated the Civil Rights 42 U.S.C. @ 1983 and 1985 and the constitutional due process rights.

57. On Feb.23rd 2010 Plaintiff called the police to file a report but the police officer said it is a civil action and would not like to get involved because the Bank agents said it was foreclosed which was lie and false, but finally On the 26th of Feb.2010 having proven to

the police documents of ownership of property and clearance that the property is not

foreclosed, the Police entered and issued a police report to plaintiff tenant with Police

report # HS181798.

58. Between Feb.24th 2010 and Feb.26th 2010, Plaintiff called Defendants', for returns of all

his Tenant's personal belongings removed during the illegal eviction, invasion trespass

of his unit and for compensation of all damages to her unit by defendants. Plaintiff never

received any call back from any of the defendants. And none of plaintiff tenant's

personal property and belongings was ever returned to him nor was any of the damaged

paid for by defendants.

59. On Feb.26th 2010 after the police report, Plaintiff along with plaintiff tenant wrote to all

defendants by certified mail and request fro safe returns of all plaintiff's tenant personal

belongings removed by Defendants CHF,P&P and Safeguard properties Inc., up till

today no response was ever received from any of the defendants. Unfortunately as

plaintiff was going through this confusion set up by all defendants, Plaintiff was sick and

depressed of how she will repay for all the damages done to her tenant and for repair of

the damages caused by the water leak to unit 1 ceiling and walls and the damage in her

own unit which was as a direct result of defendants action.

60. On March 9th 2010 and March 10th 2010 respectively, Plaintiff authorized his tenant to

write to all Defendants CHF and Safeguard Properties Inc. requesting for the address of

their agents in Chicago for service of legal documents in case Plaintiff wishes to sue and

requested them for production of any court order which gave them the authority to

invade her property and illegally evict her tenant and destroyed her property.

61. Likewise on March 10th 2010, Plaintiff's tenant with plaintiff's authorization made an

official complaint to Illinois Attorney General's office for consumer Fraud department

for mediation but no response ever was received by either Defendants CHF or Safeguard

Properties Inc.

62. On April 1st 2010, Illinois Attorney General's Office replied to plaintiff tenant's compliant that a possible option will be taking a legal action against the entire Defendants' in the court of law.

63. Defendants', with full knowledge and being fully aware that plaintiff is the legal owner and that there is no order of possession issued to them by any Court, and with the approval for each other act and omissions, avoided their obligation to petition the court for an order of possession at any time, to taint their false depiction of an honorary talking of , and division for plaintiff's personal and residential property. Their acts are full of evil intent and should be punished by the law.

## COUNT  I
### FRAUD
### CHF, P&P, CODILIS AND SAFEGUARD,
### LAKSHMINARAYANAN RAMESH, O'HARA LAURA, PATRICK SHEEHY
### AND ROBERT KLEIN

64. Plaintiff restates and re-alleges paragraph 1-63 as paragraph 64, the same as if fully set fort herein.

65. All the defendants knew that they have no right to unlawfully evict plaintiff or her tenant.

66. Defendants' in their concerted actions engaged in deceitful conduct and communications with plaintiff to defraud plaintiff and take possession of his home and personal properties.

67. Plaintiff relied on various misrepresentations by defendants'

68. Defendants' representative made a deceitful statement to plaintiff on Feb.23rd 2010, that "they have got a work authorization to do and that plaintiff's tenant personal belongings removed by Defendants' during their invasion and illegal eviction  will be returned back

to him within a few days", knowing fully that the removed items will never be retuned back

to plaintiff and that they will compensate plaintiff for damages done to her unit and other

units in the building as a result of their action In this instance, defendants' knew and believed

that the statement were false.

69. Defendants' falsely promised plaintiff that they got a work order and will get back to her

for the return of plaintiff's tenant property, and repair compensation of damages done to

her property .Defendants' in a deceitful manner never answered the phone call nor reply

all plaintiff's letters via USPS mail.

70. Defendants' action of false statements including but not limited to statements reported to

plaintiff by Safeguard Properties inc. representative, who told Plaintiff that they were

authorized to evict plaintiff and remove all personal property. But just contrary

to CHF representative statements that Safeguard was not authorized to remove any personal

property out but to change the locks, board the property, winterize it.

71. There exist herein conflicting false statements by both defendants CHF and Safeguard

72. Defendant safeguard representative during communication via the phone with plaintiff

on Feb.23rd 2010 by 2:30 pm, promised to return all plaintiff tenant's private property

that might have been removed during the illegal eviction within a week and to

compensate plaintiff for all damages done to her unit and other unit of the condominium.

73. Again on Feb25th 2010 and Feb.26th 2010 another Safeguard Property Manager denied

responsibility but attributed it to Defendants CHF during a call made by plaintiff tenant.

74. Defendant Safeguard representative promised plaintiff in that conversation that a

member of their legal department will be contacting plaintiff or plaintiff tenant within 3

business days for settlement but that never happened.

75. On the following dates and time, Plaintiff communicated via and with plaintiff tenant

with India Latorie Customer Service representative for Defendants Safeguard ; 02/23/10

9:57am at 216-447-8211, She told Plaintiff and her tenant that plaintiff tenant's personal properties will be retuned to him back within days. That, they will contact their Subcontractor.

76. On 02/24/10 and 02/26/10 by 12.24 pm and 11:46 am respectively, Plaintiff and her tenant called 216-739-2900 and spoke with Robin Rice defendant Safeguard Managers and Tendis C respectively who assured plaintiff that Safeguard and Chase defendants are working together to make sure that all plaintiff's, plaintiff tenant's personal properties are retuned to him within a week and that their legal department will be contacting plaintiff. But to Plaintiff's surprise no one contacted her or his tenant. All these rhetoric were to deceive plaintiff.

77. Again on 2/23/10, 2/24/10, 3/1/10, 3/5/10 and 3/13/10, during morning hours Plaintiff tenant communicated with Defendant CHF representatives Eric Storts on tel. #: 1-888-310-1506 and 614-776-8685 respectively during which Mr. Eric made conflicting and deceitful statement to plaintiff and her tenant which is direct opposite of Safeguards statements. Mr. Eric did promise plaintiff and her tenant of the return of all missing and stolen items ASAP, and compensation of all damaged items but that never happened.

78. Mr. Eric Storts did promised plaintiff and tenant during their conversations that their legal department will be contacting plaintiff to make sure all items removed are returned safely to Plaintiff. Likewise these are empty promises that never materialized.

79. Defendants' in their concerted actions engaged in deceitful conduct and communication with plaintiff and her tenant to defraud plaintiff and take possession of her home and personal property.

80. Plaintiff states that all the defendants have engaged in actual fraud by intentionally and falsely stating to plaintiff that they have proper work orders and authority to evict plaintiff, intentionally and falsely stating that they had the Courts authority to Lock

plaintiff and her tenant out of their home and intentionally and falsely attempting to induce

plaintiff to abandon the quest for pressure for the return of her tenant personal property

seized and stolen by defendants on Feb. 22nd 2010.

81. The foregoing statements were material to the defendants' completing the actions

   complained of by plaintiff and each defendant benefited from the false statements, fraud

   and injury inflicted upon plaintiff.

82. The defendants' knew these statements were false and tried to conceal them, thereby

   causing plaintiff to rely to his detriment on their false statements. Plaintiff's reliance on

   the defendants false representations were reasonable considering they were purported to

   come from the court and with the presence of the cook county sheriff.

83. Defendants' used intimidation and deceit to cause plaintiff's property to be wrongfully

   taken by the defendants all participating, supporting, and assisting in the fraud

   perpetrated upon plaintiff.

84. Each Defendants named in plaintiff's complaint made false statements and acted in

   concert with one another and violated 735 ILCS 5/15-1103 on the following dates:

   a. Feb. 22nd. 2010

   b. Feb. 23rd 2010

   c. Feb. 24th 2010

   d. Feb.25th. 2010

   e. Feb.26th 2010

85. That all of the foregoing actions complained of by plaintiff were conducted at Plaintiff's rental property located at the address commonly known as 1407 E 71st Place, unit 2, Chicago Il. 60619.

86. As a result of defendants' actions, plaintiff and her tenant was was damaged.

WHEREFORE, Plaintiff demand judgment against each and every defendant for compensatory damages, actual damages in the amount of $500.000.00 and further relief this court may deem just and proper.

# COUNT I1

# TRESPASS

## CHF DEFENDANTS, SAFEGUARD, CODILIS,P&P, ROBERT KLEIN LAKSHMINARAYANAN RAMESH, O'HARA LAURA, AND PATRICK SHEEHY

87. Plaintiff adopts and re-alleges by reference paragraphs 1 through 86, as paragraph 87, the same as if fully set forth herein.

88. Each Defendant is jointly and severally liable for the acts of its co-conspirators.

89. Plaintiff did not authorize or otherwise consent to Defendants forcibly entering his property, dispossessing her, destroying, or carrying away her tenant personal property.

90. The Defendants' actions against plaintiff of changing the locks, forcibly entering her property, and carrying away her tenant personal property, destroying plaintiff property were done with the intent to deprive and interfere with plaintiff's substantial right to possession and use of his property.

91. Defendants CHF, P&P, Codilis and Safeguard with direct and indirect approval among one another, should have known that their activities to deprive plaintiff of his personal and residential property was the direct and proximate cause of plaintiff's damages.

92. Defendants CHF, P&P and Safeguard negligent and intentional conduct against plaintiff resulted in an intrusion on plaintiff's interest in exclusive possession and causing direct injury to plaintiff. As a result of defendants' action, plaintiff was sick and was depressed and caused plaintiff tenant to be homeless for some time with his whole family of six including 5 children ages 3-14 years of age. Plaintiff tenant was locked out and was wondering on the street during cold weather and eventually lost his Job for not being able to show up at work two days in a roll between Feb.23rd 2010 and Feb. 25th 2010, Because plaintiff was depressed and trying to find a solution to her tenants problem of loosing all her personal property to defendants action..

93. As a result of Defendants CHF, P&P and Safeguard Properties Inc. actions, Plaintiff was damaged.

WHEREFORE, Plaintiff being damaged in his person and unduly influenced in the loss of his home/property and personal effects, request relief as follows;

A. Actual Damages for loss of personal effects destruction to plaintiff property in the amount of $250.000.00

B. Compensatory damages in the amount of $150.000.00

C. Punitive damages in the amount of $100.000.00

D. And any other relief this court finds just and proper

E. trial by jury on all issues triable

## COUNT III

### TRESPASS TO CHATTELS

**CHF, P&P, CODILIS, SAFEGUARD, ROBERT KLEIN LAKSHMINARAYANAN RAMESH, O'HARA LAURA, AND PATRICK SHEEHY**

94. Plaintiff re alleges and incorporate paragraphs 1- 93 as paragraphs 94, the same as if fully set forth herein.

95. Each defendant is jointly and severally liable for the acts of its co-conspirators.

96. Plaintiff did not authorize or otherwise consent to Defendants' forcibly entering his property, dispossessing him, destroying his property and unit 1 or carrying away the personal property of her tenant.

97. The Defendants' actions against plaintiff of changing the locks, forcibly entering her property, destruction to her property and carrying away her tenant's personal property, were done with the intent to deprive and interfere with plaintiff's substantial right to possession and use of her home.

98. **Although the defendants'** were aware or at least became aware that their actions were illegal, none of the Defendants' offered to return, replace or otherwise make Plaintiff whole compensation to the damages sustained as a result of their actions.

99. Defendants' with direct and indirect approval among one another should have known that their activities to deprive plaintiff of her personal and residential property was the direct and proximate cause of plaintiff's damages.

100. Defendants' actions against plaintiff of forcibly entry, boarding up the property, changing locks, destruction to property and removal of tenant's personal property, were done solely with the intent to deprive and interfere with plaintiff substantial rights to possession and use of his property.

**101.** As a result, Plaintiff was damaged by the willful actions of the defendants'

WHEREFORE, Plaintiff, demands judgment against each and every Defendant, for

compensatory and any other amount as shall represent fair and just compensation

.

## COUNT IV
## CONVERSION
**CHF, P&P, SAFEGUARD, ROBERT KLEIN LAKSHMINARAYANAN RAMESH,**

**O'HARA LAURA, AND PATRICK SHEEHY**

**102.** Plaintiff restates and re-alleges paragraph 1 –101, as paragraph 102, the same as if fully

set forth herein.

**103.** The Defendants 'assumed control of plaintiff's property, plaintiff tenant's personal

belongings and converted the same to its own use.

**104.** Plaintiff's right to the said personal properties is absolute and unconditional and no one

else had any legal right to the property.

**105.** Defendants' assumption of control of plaintiff's property was wrong, illegal, unlawful

and unconstitutional without due consent of plaintiff.

84.   Defendants' with direct and indirect approval among one another should have known

that their activities to deprive plaintiff of her personal and residential property was the direct

and proximate cause of plaintiff's damages.

**106.** Defendants' actions against plaintiff of forcibly entry, changing locks, destruction to unit

and removal of personal property, were done solely with the intent to deprive and

interfere with plaintiff substantial rights to possession and use of her property.

107. As a result of this conversion, Plaintiff has been damaged and deprived of all her property.

108. Plaintiff personal Property was destroyed, damaged (resulting to damage in unit 1), plaintiff tenant's personal belongings were removed which placed much burden upon plaintiff. According to plaintiff tenant his valuables including 2 un-published books were removed by defendants among other valuables. . These un-published books and and other valuables stolen by all defendants were never returned back.

109. The 2 un-published books: Reincarnation "Ogbanje" or Abiku" and the Viability of Socialism in Pro-Capitalistic States, the brain work of Plaintiff's Tenant was never returned back to plaintiff, likewise other valuables removed by defendants were never recovered which contained more valuable documents of plaintiff tenant. These projects were the life long endeavors of Plaintiff's tenant but were stolen by all defendants

110. The damages done to plaintiff unit and that of unit 1 were never repaired or compensation awarded to plaintiff as promised by defendants. The cost of repair of all damaged items by defendants and lost of plaintiff tenant's valuables from plaintiff's property by Defendants' has long lasting devastating effects on plaintiff's life.

WHEREFORE, plaintiff being damaged in her person, destruction of her unit and loss of all her tenant's personal property by all defendants, demand judgment against each and every defendant, for compensatory and any other amount as shall represent fair and just compensation.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## CHF, P&P, CODILIS AND SAFEGUARD

111. Plaintiff restates and re-alleges paragraph 1 – 110, as paragraph 111, the same as if fully set forth herein.

112. The Defendants' in this action are experienced in the business of Mortgage foreclosure and illegal evictions.

Plaintiff was informed after their acts through communication with Defendants' and or its agents or others otherwise acting on Defendants' behalf that Defendants' knew that Plaintiff is vulnerable and that plaintiff tenant has 5 Children ages 3-14 has been displaced illegally, they also knew that plaintiff is a legal immigrant from Africa and knew or should have known that plaintiff was especially vulnerable and susceptible to defendants' actions.

113. Defendants' had full knowledge of their lack of legal justification regarding its objective concerning illegally evicting plaintiff, her tenant from her property..

114. Defendants' intended to cause and succeeded in causing plaintiff severe emotional distress. Defendants' actions forced plaintiff to breach her contract with her tenant and forced plaintiff tenant out of his unit to live on the streets and become homeless for several days.

Despite Plaintiff continual pleas through telephone calls and letter communications to defendants, manifesting to them that they have no right to invade her property, evict her tenant and for safe return of all the personal properties removed from her property during the defendants illegal actions. Defendants' refused to grant plaintiff's tenant access to his personal properties removed from plaintiff's property unlawfully.

115. Defendants' conducts as described above was done with the intension to cause severe emotional distress to plaintiff and his family and was done recklessly in deliberate disregard of a high degree of probability that emotional distress would result from said actions.

116. Defendants' acting individually and severally, willfully and wantonly, and with intent and neglect regard to do so, inflicted severe emotional distress on plaintiff in violation of peace and enjoyment of residence under state and federal law.

117. Plaintiff had little or no power because of his vulnerability to change the course of Defendants' actions.

118. As a result of Defendants' Conduct Plaintiff suffered actual damages due to the and extreme emotional distress experienced in the following ways:

    a.  Plaintiff was faced with the cost of repair of all damages to her unit and to unit 1.

    b.  Her property locks were changed, her tenant locked out of his home, which forced him out into the streets with no water for baths, food, or clothing for several days.

    c.  Plaintiff was very concerned, distressed and worried about where she will secure the capital to carry out all the repairs and to compensate plaintiff tenant for lost of his personal belongings to defendants and also was concerned for the possibility of shelter for her tenant who has been displaced by the act of these defendants.

    d.  Plaintiff was terrified that she would have to continue to assist her tenant until situation becomes normal.

    e.  Plaintiff suffered extreme distress because he was embarrassed and humiliated by the fact that her home was illegally taken away from her and forced plaintiff tenant not to have a home to go to and was forced to later live apart from his Children; and family.

She constantly cries, unable to relax, and had and continues to have difficulty sleeping.

119. Defendants' extreme and outrageous conduct as described above was the actual and proximate cause of Plaintiff's emotional distress; as a result plaintiff suffered actual

damages, being injured in her person and destruction to her property and the loss of her

tenant's personal property.

WHEREFORE, plaintiff being damaged in his person, destruction to her property and

loss of her tenant's personal property, demands judgment against each and every

defendant, for compensatory and any other amount as shall represent fair and just

compensation.

## COUNT VI
## PUNITIVE DAMAGES
**CHF, P&P, CODILIS, SAFEGUARD, , ROBERT KLEIN LAKSHMINARAYANAN RAMESH, O'HARA LAURA, AND PATRICK SHEEHY**

120. Plaintiff restates and re-alleges paragraph 1-119 as paragraph 120, the same as if fully set

fort herein.

121. Defendants' with direct and indirect approval among one another should have known

that their activities to deprive plaintiff of her personal and residential property was the

direct and proximate cause of plaintiff's damages.

122. Defendants' actions were willful, malicious, wanton and in reckless disregard for

plaintiff and her family.

123. Plaintiff did not authorize or otherwise consented to Defendants' forcibly entry into her

property, changing locks, boarding up and carry away all plaintiffs' tenant personal

properties.

**124. The defendants' knew or should have known that they never had a Court Order to forcibly dispossess Plaintiff and his family, and that they were violating plaintiff's due process right.**

125. Defendants' actions against plaintiff of forcibly entry, boarding up the property, changing locks, destruction of plaintiff property and removal of plaintiff tenants' personal property, were done solely with the intent to deprive and interfere with plaintiff substantial rights to possession and use of her property.

126. Defendants' negligent and intentional conduct against plaintiff resulted in an intrusion on plaintiff's interest in exclusive possession and causing direct injury to plaintiff. As a result of defendants' action, plaintiff was damaged and her tenant was homeless for some time living on the street and eventually lost his Job for not being able to show up at work two days in a roll between Feb.23rd 2010 till Feb. 25th 2010. Plaintiff was depressed while trying to look for solutions towards the confusion created by defendants.

127. As a result of Defendants' actions, Plaintiff was damaged.

128. Defendants' actions were willful, malicious and in reckless disregard for plaintiff and family (poor African-American –Minority group)

129. All the defendants' deliberate violence and oppressions against plaintiff and property was committed with fraud and actual malice of intension to illegally evict plaintiff and steals his property.

130. Here, Defendants' has acted willfully, with such a gross negligence which indicates a wanton disregard of the rights of the plaintiff.

131. There is a strong public policy for punishing and sending a message to Defendants' That no one is above the law, and that every U.S. Citizen and resident alike is to be treated with common decency and respect and guaranteed equal protection and due process under the United States Constitution.

If all the defendants are not held accountable and assessed punitive damages, they will continue such deceptive and unfair business practices and continually destroy families and lives.

132. Moreover this type of intentional disregard for the law and order could unnecessarily result in someone being severely injured or even cause death.

WHEREFORE, plaintiff demands judgment against defendants' for punitive damages and any other amount as shall represent fair and just compensation.

## COUNT VII

### VIOLATION OF FAIR DEBT COLLECTION PRACTICE ACT("ACT") CHF, P&P, CODILIS AND SAFEGUARD

133. Plaintiff restates and re-alleges paragraph 1 – 132, as paragraph 133 the same as if fully set forth herein.

134. CHF, Codilis, P&P and Safeguard are debt collectors and has attempted illegal to collect debt from consumer (plaintiff) on plaintiff property.

135. The Defendants' each directly or indirectly contacted or engaged in actions against plaintiff to attempt or assist in the collection of alleged debt.

136. The defendants' engaged in actions prohibited by the ACT, i.e., made false and misleading representations ,harassed, oppressed, abused, and engaged in unfair debt practices.

137. Defendants' as a debt collectors used unfair and unconscionable means to collect debt by evicting plaintiff illegally, depriving plaintiff right to her property and personal effects after conspiring with other defendants and took possession of plaintiffs' property and private personal belongings.

138. Defendants' on judicial action to effect dispossession of plaintiff property is unconstitutional and a violation of the FDCPA 15 U.S.C. Section 1962 (e)

139. Defendants' knew that they have no legal right to possession of property claimed as collateral through an enforceable security interest.

140. All defendants mentioned herein above has no right to possess plaintiff property at any given time. The property was never foreclosed and that no court order was ever issued for possession to defendants.

141. While engaged in the above stated activities in paragraphs 1- 129, defendants individually and severally violated provisions of Illinois Consumer Fraud and deceptive Practices Act (a) 815 ILCS 505 et .seq. and 15 U.S.C. section 1962.

WHEREFORE, Plaintiff being duly damaged in her person and loss of personal property, request and demands judgment against defendants and an order for payment of actual damages, litigation cost and other relief this court and jury may deem proper.

## COUNT VIII
## CIVIL CONSPIRACY
### CHF, P&P, CODILIS, SAFEGUARD, ROBERT KLEIN LAKSHMINARAYANAN RAMESH, O'HARA LAURA, AND PATRICK SHEEHY

142. Plaintiff restates and re-alleges paragraph 1-141 as paragraph 142, the same as if fully set forth herein.

143. CHF, P&P, Codilis and Safeguard, each engaged in a communication with at least one of the other Defendants (or their agents) in this action to participate in either an unlawful act (entering and illegally destroying plaintiff property and taking away plaintiff's personal property) or in the alternative a lawful act in an unlawful manner.

144. Plaintiff was injured by this unlawful, overt act performed by at least one of the parties to this conspiracy.

145. The overt (entering and taking plaintiff's personal property, destroying plaintiff property) was done pursuant to and in furtherance to the common scheme, i.e. to illegally and forcibly remove Plaintiff from her home.

146. Defendants' knowing fully that they have no legal right to possession, conspired among each other to unlawfully, through illegal and unlawful means evict plaintiff from her property and removed all plaintiff tenant's personal belongings.

147. All defendants' conspired with one another in a concerted effort to violate state laws, prohibiting trespass, trespass to chattels, conversion.

148. Defendants' with direct and indirect approval among one another should have known that their activities to deprive plaintiff of her personal property was the direct and proximate cause of plaintiff's damages.

149. Plaintiff did not authorize or otherwise consented to Defendants' forcibly entry into her property, changing locks, boarded up, destroy the unit and unit 1 and carry away all plaintiff tenants' personal properties.

150. As a result of Defendants' actions, Plaintiff was damaged.

WHEREFORE, Plaintiff being damaged in her person and unduly influenced in the loss of her home/property and personal effects, request and demands judgment against the defendants' an order for compensatory and punitive damages, including attorneys fees and such other relief the Court deems just and proper.

## COUNT IX

### CIVIL RIGHTS VIOLATIONS
### VIOLATION AND CONSPIRACY TO DEPRIVE PLAINTIFF OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. Section 1983, 1985 AND 18 U.S.C. 241
### CHF, P&P, CODILIS, SAFEGUARD, ROBERT KLEIN LAKSHMINARAYANAN RAMESH, O'HARA LAURA, AND PATRICK SHEEHY

151. Plaintiff restates and re-alleges paragraph 1 –150, as paragraph 151 the same as if fully set forth herein.

152. CHF conspired with one or more of the defendants' in this action to oppress, threaten, intimidate or deprive the plaintiff of property without due process.

153. P&P conspired with one or more of the defendants' in this action to oppress, threaten, intimidate or deprive the plaintiff of property without due process.

154. Codilis Conspired with one or more of the defendants' in this action to oppress, threaten, intimidate or deprive the plaintiff of property without due process.

155. Safeguard Conspired with one or more of the defendants' in this action to oppress, threaten, intimidate or deprive the plaintiff of property without due process.

156. CHF conspired with one or more of the defendants' for the purpose of depriving, either directly or indirectly, plaintiff of the equal protection of the laws, or of the equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of the state of Illinois from giving or securing plaintiff the equal protection of the laws.

157. Safeguard conspired with one or more of the defendants' for the purpose of depriving, either directly or indirectly, plaintiff of the equal protection of the laws, or of the equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of the state of Illinois from giving or securing plaintiff the equal protection of the laws.

158. P&P conspired with one or more of the defendants' for the purpose of depriving, either directly or indirectly, plaintiff of the equal protection of the laws, or of the equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of the state of Illinois from giving or securing plaintiff the equal protection of the laws.

159. Codilis conspired with one or more of the defendants' for the purpose of depriving, either directly or indirectly, plaintiff of the equal protection of the laws, or of the equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of the state of Illinois from giving or securing plaintiff the equal protection of the laws.

160. Defendants' through its representatives or agents or sub-contractors under the color of state law conspired to illegally evict plaintiff knowing fully that he is vulnerable being a poor black African immigrant, from the minority group, knowing fully that they have no legal right to possession still evict plaintiff , destroyed her unit, caused damaged to unit 1 and removed plaintiff tenant's personal properties.

161. Defendants' actions were motivated by racial, greed and base on color nationality of plaintiff. If plaintiff was a white-American, such humiliating, anguish and intimidation action against plaintiff could not have happened.

162. The defendants' could be considered state actors because they have assumed the duties of a governmental entity.

163. The defendants' could be considered state actors for purpose of Section 1983.

164. The defendants used a government agency to carryout the taking of plaintiff's property.

165. As a result of defendants' extreme and outrageous conduct, Plaintiff was injured, deprived of property and other rights and privileges as a legal resident of the United States of America.

WHEREFORE, Plaintiff demands judgment against each and every defendant, and an order for payment of compensatory and punitive damages, including attorneys fees, litigation cost, production cost and such other relief the court deems just and proper

## COUNT X
## VIOLATION OF 42 U.S.C. Sections 1985
## CHF, P&P, CODILIS AND SAFEGUARD

166.Plaintiff restates and re-alleges paragraph 1-165 as paragraph 166, the same as if fully set forth herein

167.The defendants' did not follow proper procedures to evict plaintiff and targeted Individuals within Plaintiff's community, which is a predominantly African American Community.

168.Plaintiff states and affirmed that Defendants' would have followed proper procedure if plaintiff was not an immigrant and a black woman.

169.The actions of Defendants' of communicating and conspiring with each order to deprive plaintiff of her property, without due process, was done with the intent to take plaintiff's property because she is poor and an African immigrant.

170.The defendants' have used the same discriminatory actions against other African American, poor individuals, in other predominately African American Communities.

171.For example, Plaintiff states that the following cases demonstrate the defendants pattern of discriminatory actions against African American, poor individuals in predominately African American Communities.

a. case No. 10-L-004582 - Defendants Chase Home Finance LLC

b. Case No. 10-Ch-05388 - Defendants Chase Home Finance LLC.

c. Case No. 09-ch-27090 - Defendants Chase Home Finance LLC.

d. Case No. 03-L- 011263 –Defendants Safeguard properties Inc.

172. Defendants acting individually and severally, with direct and indirect approval among one another, knew of or should have known that their activities to deprive plaintiff of his personal and residential property was the direct and proximate cause of plaintiff's damages

173. The operations that the defendants engaged in is prohibited under the Racketeering And influenced Corrupt Organization Act (RICO) as Follows;

    i. Knew they obstructed plaintiff lawful access and right to her property and residence.

    ii. Knew they engaged in monetary transactions over property derived from their unlawful activities.

(II) The defendants' could be considered state actors because they have assumed the duties of a governmental entity.

(III) The defendants' could be considered state actors for purposes of section 1983.

(IV) The defendants used a government agency to carryout the taken of plaintiff property and personal belongings.

WHEREFORE, Plaintiff being damaged in her person and duly influenced in the loss of her property and personal effects and that of her tenant, request Judgment and relief as the court may decide.

## COUNT XI
## UNFAIR AND DECEPTIVE BUSINESS PRACTICES
## CHF, P&P, CODILIS AND SAFEGUARD

174. Plaintiff restates and re-alleges paragraphs 1-173, as paragraph 174, the same as if fully set forth herein

175. Each of the defendants' engaged in or assisted in the unfair and deceptive practices complained of by plaintiff.

176. Plaintiff reasonably relied on Defendants' promises to act in good faith and legally.

177. The Defendants actions were willful, malicious, in bad-faith, and in reckless and conscience disregard of the rights, health, and safety of Plaintiff, plaintiff tenant and little kids.

178. Plaintiff charges Defendants' with participating in a pattern of unfair and deceptive business acts or practices whereby the Defendants' repeatedly engage in the following actions:

   (a) Lend Money to individuals in Targeted communities under predatory terms;

   (b) Assign the Loans to various Known predatory Loan servicers;

   (c ) Send via U.S. mail deceptive correspondence to borrowers known to be untrue;

   (d) Engage various unscrupulous agents to illegally dispossess borrowers from their homes, and steal their personal property; and

      b. Then the proceeds from the said racketeering activity are re-invested to continue and insure the future and wide spread interstate effect of said activity.

179. As a result, plaintiff suffered actual damages and loss.

WHEREFORE, Plaintiff demands judgment against each and every defendant, and for compensatory, punitive, and such other relief as shall represent fair and just compensation.

## COUNT XII
## NEGLIGENCE
## CHF, P&P, CODILIS AND SAFEGUARD

180. Plaintiff restates and re-alleges paragraph 1- 179, as paragraph 180, the same as if fully set forth herein.

181. Each and every Defendant owed a duty to obey the laws of the state of Illinois and the federal.

182. Each and every defendant was negligent in one or more of the following:

> (a) Carelessly and negligently failing to notify its agents or others acting on its behalf that there was no Court Order granting Possession of Plaintiff's home prior to the subsequent authorization to change locks, winterize etc, or

> (b) Carelessly and negligently failing to prevent its agents or others acting on its behalf from trespassing and carrying away Plaintiff's personal property; or

> (c ) Carelessly and Negligently locking plaintiff , plaintiff tenant and his family out of their home for some days.

> (d) Carelessly and negligently failing to do a reasonable inquire to determine the validity of any alleged authority or order to enter and deposes Plaintiff or

> a. Was otherwise negligent.

183. As a proximate and actual result of one or more of the following negligent acts or omissions, plaintiff was injured- Her property was illegally taken away from her and her tenant and family were wrongfully thrown out into the streets, locked out of their home, deprived of personal property, suffered lost earnings, and has and will in the future incur costs and other expenses to restore both the damages done the, unit 1 and the personal property stolen and never returned to her tenant.

WHEREFORE, Plaintiff demands judgment against each and every Defendant, for

compensatory and other just and proper relief.


Respectfully submitted by

Lilian Allen

Lilian Allen ( Pro se )

January  30th  , 2010

Lilian Allen
P.O. Box A-3035
Chicago Il 60690