# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8270 | **DATE** | 7/6/2011 |
| **CASE TITLE** | Allen vs. Chase Home Finance LLC et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court denies Obi's Petition for Interpleader.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner Innocent Obi ("Obi") moves for leave of Court to file a petition for interpleader pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335. For the following reasons, the Court denies Obi's Petition for Interpleader.

Obi alleges that he is a tenant—leasing with an option to buy—in plaintiff Lillian Allen's ("Allen") building. Obi claims that he was temporarily evicted when Allen's building was breached and improperly occupied by defendants Chase Home Finance ("Chase") and Safeguard Properties ("Safeguard"). Obi seeks to join Allen's suit "as an interpleader for a refund from [Allen] as a breach of contract and to testify to the illegal acts of all defendants involved in this case." Obi also seeks to present a "counter complaint" against Allen and all defendants in her case.

Rule 22 allows persons with claims that may expose a plaintiff to double or multiple liability to be joined as defendants and required to interplead. Fed. R. Civ. P. 22. Rule 22, however, is not the proper avenue for a non-stakeholder to assert claims against the parties to a lawsuit. *See, e.g., Salomon Smith Barney, Inc. v. McDonnell*, 201 F.R.D. 297, 301-02 (S.D.N.Y. 2001) ("[I]nterpleader is proper if the party requesting it is or may be exposed to double or multiple liability.") (quotation and citation omitted). Here, Obi claims that he is a tenant who is leasing an apartment owned by Allen and that the apartment was improperly occupied by Chase and Safeguard. Obi, however, is neither a party to Allen's suit nor a stakeholder in her suit; he does not own a unit in Allen's building. *Cf. Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008) (finding interpleader appropriate where a bank was a disinterested stakeholder facing conflicting claims to its assets). Therefore, the Court finds that Obi's interpleader is not warranted under Rule 22 because he does not face real and conflicting claims and the remaining parties do not face multiple liability. *See id.* ("Interpleader is justified only when the stakeholder has a real and reasonable fear of double liability or conflicting claims.") (citation omitted); *see, e.g., Salomon*, 201 F.R.D. at 301 (noting that interpleader is a "handy tool to protect a stakeholder from multiple liability of

| STATEMENT |
|---|

vexatious, conflicting claims.").

      Nor can Obi rely on statutory interpleader. 28 U.S.C. § 1335. Section 1335 requires that the plaintiff deposit the contested money or property into the "registry of the court" or that the plaintiff "has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court." *Id.*; *see also Aaron*, 550 F.3d at 663 (noting that statutory interpleader pursuant to § 1335 requires "the stake to be deposited in the federal court's registry."). Here, Obi has not alleged that the plaintiff, Allen, has deposited any money or property into the registry of the court. Moreover, Obi and Allen are not claimants to the same stake and Obi does not have a claim of ownership in the property. *See Indianapolis Colts v. Mayor & City Council of Balt.*, 741 F.2d 954, 956 (7th Cir. 1984) (denying interpleader and noting that the parties were not claimants to the same stake because one sought to assert ownership of the franchise through eminent domain while the other party had a potential breach of contract claim but no conflicting claim of ownership). As such, Obi may not rely on statutory interpleader to assert a breach of contract claim against Allen. *See id.* at 957 (noting that where one party has no reasonable legal claim to ownership of the franchise, loss of the franchise may lead to breach of lease claims "but this is not a situation for which interpleader was designed.").

      For the reasons stated, the Court denies Obi's Petition for Interpleader.