IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILIAN ALLEN | ) |
| | ) |
| Plaintiff, | ) Case No. 10 C 8270 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| CHASE HOME FINANCE LLC, JPMC | ) |
| SPECIALTY MORTGAGE LLC, JP MORGAN | ) |
| CHASE BANK, N.A. and SAFEGUARD | ) |
| PROPERTIES, LLC | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lilian Allen brought claims for violations of the Fair Debt Collection Practices Act (FDCPA), the federal civil rights laws, as well as various state law claims, against defendants Chase Home Finance LLC, JPMC Specialty Mortgage LLC, JP Morgan Chase Bank, N.A. (collectively, "the Chase Defendants"), Safeguard Properties, LLC and its employee Robert Klein (together, "Safeguard"), and P&B All-Star Construction Inc. ("P&B") (collectively, "the defendants"). Her claims stem from an incident in February 2010 when agents of the defendants allegedly entered a residence owned by Allen, changed the locks, and destroyed her tenant's property. For the reasons set out below, the Court dismisses Allen's complaint with prejudice because Allen has not stated a federal cause of action and there is no other basis for federal subject matter jurisdiction to hear her state claims.

I.     FACTS

Allen, a black woman, has a mortgage on a property located at 1407 East 71st Street, Unit

2 in Chicago ("the property"). (Am. Compl. ¶¶ 3, 6).[1] Though Allen does not specifically plead that the Chase Defendants were the servicers of her mortgage, she alleges that at least one of the Chase Defendants is a loan servicer. (*Id.* ¶¶ 4-5.) One of the Chase Defendants hired Safeguard (who in turn hired P&B) to evict Allen from her residence and to prepare the property for foreclosure. (*Id.* ¶¶ 5, 18-19.)

Specifically, Allen alleges that she had not violated the terms of her mortgage and the property was not in foreclosure when, on February 22, 2010, Safeguard and P&B broke into the property at the behest of the Chase Defendants. (*Id.* ¶¶ 8-9, 12-17.) According to Allen, that day four men, together with a man dressed like a sheriff, went to the property and forced open the door. (*Id.* ¶ 17.) They changed the locks, damaged various appliances, the floor and the property's electrical system, and removed Allen's tenant's personal property.[2] (*Id.* ¶ 18.) That property included two unpublished books worth $300,000. (*Id.* ¶ 43.) P&B left a note indicating it had been in the unit. (*Id.* ¶ 23.) Allen was never served with any court order indicating the property was in

---

[1] The Court takes these allegations—considered true for the purposes of the defendant's motions to dismiss—from Allen's most recent amended complaint, filed July 15, 2011. (*See* Doc. 105.) The Chase Defendants and Safeguard moved to dismiss earlier iterations of the complaint, and the Court applies those arguments to that complaint. The July 15 amended complaint did not change the allegations as to those defendants; it added allegations against P&B only. The Court had previously dismissed P&B because the earlier iterations of the complaint contained no allegations against it. (*See* Doc. 98.) The Court granted Allen leave to file the July 15 complaint to cure that deficiency. (*See id.*)

[2] The clear thrust of Allen's complaint is that her tenant's property was damaged. Though she does not name him in her complaint, her tenant was Innocent Obi, who moved to intervene in this case. (*See* Doc. 99.) The allegations made in this case are very similar to those made by Obi when he sued the Chase Defendants and Safeguard in another case for the same February 2010 incident. (*See* Case No. 10 C 3154.) Obi also sued the Chase Defendants and Safeguard in another suit implicating the Property. (*See* Case No. 11 C 3993.) The later case remains pending; the earlier case was dismissed with prejudice because the court found Obi misrepresented his financial condition on his *in forma pauperis* application. (*See* Case No. 10 C 3154, Doc. 145.) Another of Obi's suits, a Title VII case against his former employer, among others, was dismissed for the same reason. (*See* Case 10 C 3613, Doc. 72). Obi filed two other suits that asserted that the Cook County and various banks and individuals conspired against him with respect to a state court foreclosure. (*See* Case Nos. 10 C 5147 and 10 C 5149.) Both of those cases have been dismissed, the latter by this Court. Allen and Obi, together, brought a third case making the same allegations that was dismissed as frivolous. (*See* Case No. 10 C 5428.)

foreclosure. (*Id.* ¶ 25.) After the February 22, 2010 incident, Allen and her tenant called the defendants numerous times to receive compensation for the break-in and for return of the tenant's personal property, but those attempts were unsuccessful. (*Id.* ¶ 43, 47, 51-54.) Allen also alleges that the defendants took advantage of her because she is a "poor black immigrant woman from Africa." (*Id.* ¶ 30.) Allen brings two types of federal claims against all the defendants, one for violations of the FDCPA, and the other for violations of her civil rights under 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. § 241. (*Id.* ¶¶ 127-133; 143-153.) She also brings state law claims for fraud, trespass, trespass to chattels, conversion, intentional infliction of emotional distress, punitive damages, civil conspiracy, unfair and deceptive business practices, and negligence.

## II. STANDARD

When considering a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the

misconduct alleged. *See id.* at 1949.

## III. DISCUSSION

### A. Allen Has Not Stated a Claim under the FDCPA

The defendants move to dismiss Allen's FDCPA claim on two grounds: (1) they are not "debt collectors" as defined by the FDCPA; and (2) Allen does not allege that they attempted to collect a debt from her. The FDCPA prohibits the use of harassing, oppressive, or abusive measures to collect a debt and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt. *See* 15 U.S.C. § 1692. The FDCPA distinguishes between creditors, who are not subject to liability under the act, and debtors, who are subject to liability. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). A creditor "offers or extends credit creating a debt or to whom a debt is owed," whereas "a debt collector is one who attempts to collect debts 'owed or due or asserted to be owed or due another.'" *Id.* (citing 15 U.S.C. § 1692a(4) and (6)). "Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill," creditors who attempt to collect debts "in their own name and whose principal business is not debt collection . . . are not subject to the [FDCPA]." *Aubert v. Am. Gen. Fin. Inc.*, 137 F.3d 976, 978 (7th Cir. 1998). The definition of "debt collector" also excludes anyone who attempts to collect "a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6); *see also Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 386-87 (7th Cir. 1998) ("the plain language of [the FDCPA] tells us that an individual is not a 'debt collector' subject to the Act if the debt he seeks to collect was not in default at the time he purchased (or otherwise obtained) it.")

4

(citing § 1692a(6).)

The Chase Defendants are not "debt collectors" under the FDCPA because Allen does not allege that the debt was in default when the Chase Defendants began attempting to collect the debt via the break-in. *See* 15 U.S.C. § 1692a(6). Rather, the entire basis for her suit is she was *not* in default when the incident occurred, and that the Chase Defendants had no right to come into her property.[3] Taking Allen's allegations as true, the Chase Defendants' actions are not violations of the FDCPA. *See Bailey*, 154 F.3d at 386-87; *Conner v. Aurora Loan Servs.*, LLC, No. 09 C 5900, 2010 WL 2635229, at *2 (N.D. Ill. Jun. 28, 2010) (dismissing a FDCPA claim because the plaintiff "merely assert[ed] that [the defendant] was trying to collect a debt that Plaintiff did not owe to it, which is not a violation of the FDCPA."). For these same reasons, Allen cannot state a claim under the FDCPA against Safeguard and P&B as well. Further, it is clear from Allen's allegations and the documents attached to her complaint that Safeguard and P&B were not attempting to collect a debt from Allen, but merely following work orders from a Chase Defendant to secure the property and prevent damage to it. Though Allen typically lumps Safeguard and P&B in with the Chase Defendants in her complaint, at best, Allen suggests that Safeguard was the company hired to evict

---

[3] Nor does Allen contend that her debt was sold to a third party who attempted collect it based on an erroneous belief that the debt was in default. *See Schlosser*, 323 F.3d at 537 (applying the FDCPA to collection activity that was undertaken by a debt collector who believed the debt to be in default, when in fact it was not in default); *Hutchins v. Fairbanks Capital Corp.*, 02 C 2256, 2003 WL 1719997, at * 4-5 (N.D. Ill. Mar. 28, 2003) (interpreting *Schlosser* to stand for "nothing more than if the debt collector believes that the loan is in default, they cannot claim otherwise."). In any event, Allen does not allege that the defendants broke into the property believing it was in foreclosure.

The Chase Defendants assert that Chase Home Finance LLC was the servicer of Allen's mortgage. Allen does not specifically allege Chase Home Finance LLC was the servicer, but if she had, her claim still fails because the FDCPA does not apply to a servicer who is merely collecting its own debt in its own name. 15 U.S.C. § 1692a; *Carter v. AMC LLC*, 645 F.3d 840, *5 (7th Cir. 2011) (noting "at least four courts of appeals, including ours, have concluded that a servicing agent for a mortgage loan 'obtains' the debt even though the bank owns the note" and citing *Bailey*, 154 F.3d at 387-88); *Bilal v. Chase Manhattan Mortg. Corp.*, No. 05 C 7120, 2006 WL 1650008, at *3 (N.D. Ill. Jun. 13, 2006) (granting mortgage servicer's motion to dismiss because the servicer was a creditor, not a debt collector, under the FDCPA).

her, and P&B was Safeguard's subcontractor. Allen does not allege that Safeguard or P&B ever asked her for money or to repay any debt, and those defendants are not liable under the FDCPA for this reason as well.

**B.     Allen Has Not Stated a Claim Under the Civil Rights Statues**

Allen alleges violations under 42 U.S.C. §§ 1983 and 1985, as well as 18 U.S.C. § 241, for violations of her civil rights. Specifically, Allen asserts that the defendants illegally evicted her with state help, namely the assistance of the Cook County Sheriff. To assert a claim under § 1983 there must be "state action." *See Wade v. Byles*, 83 F.3d 902, 904 (7th Cir. 1996); *see also London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) ("private persons . . . may not be sued for merely private conduct [under the civil rights statutes], no matter how discriminatory or wrongful."). "Misuse of a state law by a private party . . . does not satisfy [the state action] requirement." *Id.*; *see also Crawford v. Countrywide Home Loans, Inc.*, No. 09 C 247, 2010 WL 327315, at *6 (N.D. Ind. Aug. 16, 2010) (finding a mortgage company was not a "state actor" under the civil rights statutes because it used the state legal process to foreclose on the plaintiff's house and evict him). Here, the only part of the complaint that implicates any state action whatsoever is Allen's allegation that the defendants used the Cook County Sheriff to effectuate the illegal eviction of her tenant. That is not state action under § 1983.[4] *See London*, 600 F.3d at 742.

Allen also suggests that the defendants violated § 1985 by discriminating against her because she is "poor and an African immigrant." (Am. Compl. ¶ 157.) A private citizen may be liable under

---

[4] Allen does not allege that the defendants conspired with the Cook County Sheriff or anyone else acting under the color of state law. *See Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002) (finding a private citizen may be liable under § 1983 if he becomes a public officer *pro tem* or conspires with a public employee to deprive a person of his constitutional rights).

6

§ 1985(3) if he conspires with another "for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *Id.* Purely private conspiracies are within the scope of the statute. *See Griffin v. Breckenridge*, 403 U.S. 88, 96 (1971). Allen's allegations of racial discrimination, however, are entirely conclusory, do not sketch out any conspiracy and do not come close to passing muster under Rule 8. *See Iqbal*, 129 S.Ct. at 1949; *Wilson v. Price*, 624 F.3d 389, 395 (7th Cir. 2010) (finding that bare conclusions of racial discrimination were insufficient to state a claim for a § 1985(3) violation under *Iqbal*).[5] Allen's only non-boilerplate allegation is that the Chase Home Finance LLC and Safeguard have been sued in four cases, presumably in the Circuit Court of Cook County, and those four cases "demonstrate the [sic] defendants pattern of discriminatory actions against African American, [sic] poor individuals in predominately African American [c]ommunities." (Am. Compl. ¶ 159.) That is not sufficient to plead a conspiracy on the part of the defendants to deprive African Americans of their civil rights. *See Obi v. Chase Home Fin.*, No 10 C 3154, LLC, 2010 WL 4810609, at * 6 (N.D. Ill. Nov. 19, 2010) (dismissing an § 1985 claim by Allen's tenant based on nearly identical allegations because "it is unreasonable to infer from these allegations that defendants had a racial animus. [Allen's tenant] must allege more than the fact that defendants have evicted people who were African American.")

---

[5] Allen cannot state a claim under 18 U.S.C. § 241either. Section 241 provides for criminal penalties for violations of civil rights; it has no private right of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack judicially cognizable interest in prosecution of another); *Chapa v. Adams*, 168 F.3d 1036, 1037-38 (7th Cir. 1999) (noting Supreme Court's reluctance to imply private rights of actions from criminal laws); *Jones v. GES Exposition Servs., Inc.*, No. 02 C 6243, 2004 WL 2011396, at *7 n.5 (N.D. Ill. Sept. 7, 2004) (collecting cases holding there is no private cause of action under § 241).

### D. Dismissal With Prejudice

This is now Allen's fourth complaint. It is clear that Allen cannot allege a federal claim against the defendants, and to permit further amendments would be futile. *See Nieto v. Perdue Farms, Inc.*, No. 08 C 7399, 2010 WL 1031691, at *5 (N.D. Ill. Mar. 17, 2010) (Kendall, J.) (denying further amended complaints where they would be futile). Indeed, rather than responding to P&B's motion to dismiss (and presumably to moot the other motions to dismiss) Allen sought leave to file a second amended complaint on August 29, 2011 (*see* Doc. 124). The proposed complaint, however, cures none of the deficiencies outlined above and also does not state a federal claim.

Because Allen's federal claims are dismissed with prejudice, the Court's only basis to hear the remaining state claims for is diversity.[6] Allen pleads that she is a citizen of Illinois and the Court takes judicial notice from P&B's filings with the Illinois Secretary of State that it is an Illinois corporation. *See Arrington v. Brown & Williams Tobacco Corp.*, No. 96 C 5715, 1996 WL 535139 at *1 (N.D. Ill. Sep. 17, 1996) (taking judicial notice of a secretary of state filing to establish the citizenship of a corporation). Consequently, Allen's remaining claims are dismissed with prejudice for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1332; Fed. R. Civ. Proc. 12(b)(1); 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). All remaining motions, including Allen's tenant's motion to intervene, are denied as moot.

---

[6] Allen alleges that the Court only has federal question subject matter jurisdiction under 28 U.S.C. § 1331. (Am. Compl. ¶ 2.)

## IV. CONCLUSION

For the foregoing reason, the defendants' motions to dismiss are granted and Allen's claims are dismissed in their entirety with prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 2, 2011